**LUJAN & WOLFF LLP**
Attorneys at Law
DNA Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT OF GUAM
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JON P. FERNANDEZ,<br><br>             Plaintiff,<br>-vs-<br><br>GUAM EDUCATION BOARD, LOURDES B. SAN NICOLAS, individually and as the chairperson and a member of the Guam Education Board, ROSIE R. TAINATONGO, individually and as the vice chairperson and a member of the Guam Education Board, KENNETH P. CHARGUALAF, individually and as a member of the Guam Education Board, JOSE Q. CRUZ, individually and as a member of the Guam Education Board, RYAN F. TORRES, individually and as a member of the Guam Education Board, CHARLENE D. CONCEPCION, individually and as a member of the Guam Education Board,<br><br>             Defendants. | CIVIL ACTION NO. 16-00080<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Jon P. Fernandez and herein alleges as follows:

**PRELIMINARY STATEMENT/JURISDICTION/VENUE**

1. This is an action under 42 U.S.C. § 1983, in which Plaintiff seeks injunctive and declaratory relief and damages against Defendants for committing acts, under color of

law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Fourteenth Amendment of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and Federal Rules of Civil Procedure 57 and 65.

3. Venue is proper as the acts which are the subject of this action occurred in Guam.

**PARTIES**

4. Plaintiff Jon P. Fernandez is a citizen of the United States and a resident of Guam. Plaintiff was terminated from his employment as Superintendent in violation of his constitutional rights and Guam law and in breach of his Employment Agreement.

5. Defendant Guam Education Board ("the Board") is an instrumentality or other entity of the Government of Guam, charged with governing the Guam Department of Education (GDOE) and has among its responsibilities the duty to select and appoint a Superintendent and support him in the discharge of his duties.

6. Defendant Lourdes B. San Nicolas ("Defendant San Nicolas") is, upon information and belief, a United States citizen and resident of Guam, and the chairperson and member of the Board. This action is brought against her in her individual capacity and in her official capacity as the chairperson and member of the Board.

7. Defendant Rosie R. Tainatongo ("Defendant Tainatongo") is, upon information and belief, a United States citizen and resident of Guam, and the vice chairperson and member of the Board. This action is brought against her in her individual capacity and in her official capacity as the vice chairperson and member of the Board.

8. Defendant Kenneth P. Chargualaf ("Defendant Chargualaf") is, upon information and belief, a United States citizen and resident of Guam, and a member of the Board. This

action is brought against him in his individual capacity and in his official capacity as a member of the Board.

9. Defendant Jose Q. Cruz ("Defendant Cruz") is, upon information and belief, a United States citizen and resident of Guam, and a member of the Board. This action is brought against him in his individual capacity and in his official capacity as a member of the Board.

10. Defendant Ryan F. Torres ("Defendant Torres") is, upon information and belief, a United States citizen and resident of Guam, and a former member of the Board. This action is brought against him in his individual capacity and in his official capacity as a member of the Board.

11. Defendant Charlene D. Concepcion ("Defendant Concepcion") is, upon information and belief, a United States citizen and resident of Guam, and a former member of the Board. This action is brought against her in her individual capacity and in her official capacity as a member of the Board.

12. At all times relevant, Defendants acted under color of Guam law.

## ALLEGATIONS

13. Pursuant to 17 GCA § 3103, the Superintendent of Education (the Superintendent) shall be the Chief Executive Officer of the internal operating organization of GDOE and shall be responsible for the administration of the academic and service activities thereof. The Superintendent shall be responsible for implementing the policies adopted by the Board. The Board shall appoint the Superintendent by an affirmative vote of at least six (6) members.

14. 17 GCA § 3103 further requires that, notwithstanding any other provision of law, the employment of the Superintendent shall be by contract term of four (4) years, which

3

contract shall contain a provision that the Superintendent's employment may only be terminated for cause, as defined in 17 GCA Chapter 3.

15. Guam law, 17 GCA § 3102.2, requires an affirmative vote of five (5) members for any action of the Board to be valid.

16. In 2012, after searching for a new Superintendent, the Board, acting upon recommendations from the Board's Search Committee, selected Plaintiff, by a unanimous vote of nine (9) members, to be the Superintendent of GDOE.

17. The Board determined that Plaintiff possessed those qualifications and qualities of the Superintendent of GDOE required by 17 GCA § 3104.

18. On or about June 5, 2012, Plaintiff and the Board executed a written contract for Plaintiff to be employed as Superintendent of GDOE.

19. Under the contract, Plaintiff's employment was for a four-year term beginning July 1, 2012, and expiring on June 30, 2016.

20. Due to Plaintiff's successful work performance, the Board unanimously voted to continue his employment as Superintendent of GDOE beyond June 30, 2016.

21. On or about February 16, 2016, Plaintiff and the Board executed a second written contract, titled "Employment Agreement," for Plaintiff to be employed as Superintendent of GDOE for another four years, commencing on July 1, 2016, and terminating at the close of business on June 30, 2020.

22. The Employment Agreement requires that Plaintiff be terminated by the Board only for cause, stating:

> The Guam Education Board, by affirmative vote of no less than six (6) members, may terminate the employment of the Superintendent for cause as set forth in Section 3103.1 of 17 Guam Code Annotated. The Superintendent shall not be removed from office <u>before</u> a written bill of particulars has been given to him and before an investigation and an open and public hearing shall have been had.

4

(Emphasis added.)

23. On or about May 23, 2016, a complaint was filed with the Board regarding alleged text messages sent by Plaintiff to a student of GDOE.

24. On or about July 15, 2016, the Board approved Plaintiff's request to be placed on administrative leave, effective July 18, 2016.

25. Sometime while Plaintiff was on administrative leave, Plaintiff's work email was disabled and an acting Superintendent of GDOE was installed.

26. On or about July 18, 2016, a notice was issued unilaterally to Plaintiff, referred to as a "Stay away order," which prohibits contact between Plaintiff and any GDOE employee, students, deputy superintendent, counsel, EMRO, division heads and school administrators. The notice was signed by Defendant Tainatongo as "Acting," indicating no Board action authorized such notice.

27. On or about July 20, 2016, Acting Superintendent Joseph L.M. Sanchez ordered all GDOE division heads and school administrators not to communicate with Plaintiff until further written notice.

28. On or about July 25, 2016, the Board and its counsel, Attorney Gary Gumataotao, commenced an "investigation."

29. On information and belief, in September 2016, an "Investigative Report," was prepared by counsel for the Board, but was never provided to Plaintiff.

30. On October 4, 2016, the Board held a meeting, at which time it voted to terminate Plaintiff's contract as Superintendent, the Employment Agreement. Allegedly, six Board members voted to terminate Plaintiff's employment while three members voted against termination of Plaintiff's employment. The six Board members who voted in

5

favor of terminating Plaintiff's contract are Defendants San Nicolas, Tainatongo, Chargualaf, Cruz, Torres, and Concepcion.

31. At no time before the Board's vote to terminate Plaintiff's employment was Plaintiff ever given notice of the charges against him or that the Board was to meet on October 3 and October 4, 2016, to vote on whether Plaintiff's employment agreement was to be terminated.

32. At no time before the Board's vote to terminate Plaintiff's employment was Plaintiff given a Bill of Particulars.

33. At no time before the Board's vote to terminate Plaintiff's employment was Plaintiff ever given an opportunity to defend himself.

34. At no time before the Board's vote to terminate Plaintiff's employment was Plaintiff provided an open and public hearing at which time he could defend himself.

35. To this date, the Board has never informed Plaintiff of all the facts and charges it considered prior to its vote to terminate Plaintiff's employment.

36. On October 5, 2016, Board counsel, Attorney Gumataotao, informed Plaintiff that the employment "contract was still in force," and the Board had only voted to "take steps to terminate" the Employment Contract.

37. On October 6, 2016, Plaintiff requested that the Board provide him with its list of witnesses and exhibits, and reiterated the Board's position that the employment contract was still "in effect."

38. On October 11, 2016, Board counsel, Attorney Gumataotao, reiterated that the employment contract remained in effect, and that the Board had only voted to "take steps to terminate" the employment contract.

39. On or about October 12, 2016, a document entitled, "Bill of Particulars" was served upon Plaintiff, through his counsel.

40. At no time has the Board voted or acted to approve the "Bill of Particulars." The "Bill of Particulars" is not verified. Not one member of the Board signed the "Bill of Particulars." The only signatory of the "Bill of Particulars" is Attorney Gumataotao, as "Counsel for Guam Board of Education."

41. Relevant portions of the "Bill of Particulars" are as follow:

   a. Plaintiff "was accused by a student of sexual harassment, offering a cell phone and touching her inappropriately – Student's claims amount to [sic] hostile educational environment pursuant to Title IX, yet [Plaintiff] failed to order a Title IX investigation and took retaliatory action against the student in violation of Title IX."

   b. Plaintiff "in his capacity as Superintendent […] had a sexual affair with a subordinate, used public funds to underwrite the affair, subsequently ended the affair, bullied the employee, wrongfully terminated the employee under a retaliatory pretext and failed or refused to conduct an investigation of that employee's claims of sexual harassment against [Plaintiff] – employee was protected by law and all constitute a hostile work environment under Title VII and a hostile educational environment under Title IX."

   c. "Based upon the preponderance of the evidence, the acts and omissions identified above are [Plaintiff's] violations of the following: Title IX for failure to initiate a required investigation; Retaliation prohibition in Title IX; 19 GCA § 13200 et seq. known as the Child Protective Act (specifically [Plaintiff] failed to report the allegation as required by 19 GCA §13203). Violations of this Guam statutory provision are considered a criminal misdemeanor via 19GCA§ 13207 and constitute criminal official misconduct; Title VII EEO and Americans with Disabilities Act and breach of written contract."

   d. "The acts and omissions of [Plaintiff] as described herein and above have placed the Guam Department of Education in danger of losing federal funding and approval for future funds; created a divisive and distrustful atmosphere within the Guam Department of Education and specifically a hostile environment for victims of discrimination, bullying, sexual harassment and sexual assault."

   e. 'Because of the acts and omissions described herein and other evidence of his failure to provide the GDOE with ethical, competent, principled, inspiring, and collaborative leadership, the GDOE Board has determined that it no longer has

7

confidence in [Plaintiff] Jon Fernandez as the Superintendent and **that they are terminating his Superintendent's contract and ending his employment** from the GDOE." (Emphasis added.)

    f. "Furthermore, as required under the terms of the contract, the GDOE Board has completed an investigation into the issues regarding the [Plaintiff] and will hold a public hearing on this Bill of Particulars to be held at a later date and noticed to the public at large."

42. On October 12, 2016, upon receipt of the "Bill of Particulars," Plaintiff requested that Board counsel, Attorney Gumataotao, verify that the Board had participated in drafting the "Bill of Particulars" and approved its contents. Plaintiff also asked if the contents of the "Bill of Particulars" were consistent with the Investigation report that Attorney Gumataotao had allegedly submitted to the Board prior to its vote to terminate Plaintiff's Employment Agreement.

43. Attorney Gumataotao never responded to these inquiries.

44. On or about October 13, 2016, Defendants Torres and Concepcion resigned as members of the Board.

45. After the "Bill of Particulars" was provided to Plaintiff, at least one Board member informed the Guam media that he had never before seen a copy of the "Bill of Particulars."

46. On or about October 13, 2016, Board counsel, Attorney Gumataotao, informed the Guam media that he had not provided a copy of the "Bill of Particulars" to the Board because he does not trust the Board.

47. Based on the foregoing, Plaintiff notified Attorney Gumataotao of his position that the Bill of Particulars was unauthorized by the Board, invalid and not what the parties contemplated when they contracted for the same as a condition of termination.

48. On or about October 18, 2016, the Board's counsel, Attorney Gumataotao, discussed the contents of his investigation to Guam media, including the allegation that an

8

unnamed subordinate had filed a sexual harassment complaint against Plaintiff then got fired.

49. On October 20, 2016, a document entitled, "Final Title IX investigative report," was served upon Plaintiff, through his counsel.

50. On or about October 21, 2016, Senator Nerissa Underwood informed Guam media that Board counsel attempted to give her a copy of the Final Investigative Report and Bill of Particulars but she refused to receive them.

51. At a Board meeting held on or about October 25, 2016, a motion was made to rescind the "Bill of Particulars," but the motion failed by a vote of 4-3.

52. On October 25, 2016, Plaintiff demanded that the Board provide him a copy of EMRO reports used in the Investigative Report by the Board's counsel. However, Plaintiff's request was denied.

53. On or about October 27, 2016, Board counsel, Attorney Gumataotao, accused unspecified Board members of violating federal law for discussing his investigation. The full statement by Attorney Gumataotao reads:

> Board members privy to these matters are violating the federal Family Educational Rights and Privacy Act (FERPA) as well as Title IX every time they discuss the investigation and the students involved in the complaints. They disregard the rights of the students they are charged by law with protecting. At least one board member violated the law by leaking the details of the investigation. It is abundantly clear that some board members put their personal agendas ahead of their duties to our public school students. The public has an absolute right to expect the board to always act in the best interest of our children. Every effort is being made by certain people to thwart the investigation and the good faith efforts of the board to comply with Title IX. Personalities, politics and headlines should not be permitted to overshadow the need to protect our GDOE students and staff from all forms of discrimination to include violence, sexual harassment, predatory conduct and bullying.

9

54. On or about October 27, 2016, Board counsel, Attorney Gumataotao, stated to Guam media that it is "abundantly clear that some board members have put their personal agendas ahead of their duties to public school students."

55. On or about October 28, 2016, Plaintiff demanded that the Board provide him with interviews affixed as exhibits to the Final Investigative Report because the transcripts provided are clearly inaccurate. However, the Board has refused to respond to Plaintiff.

56. On November 6, 2016, contrary to his prior representations that the Board had voted to "take steps to terminate" the contract, Attorney Gumataotao told Plaintiff that there will be no second vote of the Board at the November 21 hearing on the issue of Plaintiff's employment as Superintendent. The reason, according to Attorney Gumataotao, was that the Board already voted to terminate Plaintiff's employment agreement on October 4, 2016.

57. On or about November 7, 2016, Plaintiff requested that the parties meet and confer on procedure of hearing, the location of the hearing, the Board's role, Attorney Gumataotao's role, the duration of the hearing, and whether the Board would have the power to subpoena witnesses.

58. Later that same day November 7, 2016, the Board unilaterally scheduled a hearing date for November 21, 2016, at 9:00 a.m., with no stated duration, in an apparent attempt to provide Plaintiff with a "public hearing" regarding his termination.

59. On or about November 14, 2016, Defendant San Nicolas informed Guam media that there will be no public participation at the November 21 hearing. Further, Defendant San Nicolas falsely stated that public participation is not allowed at special meetings

of the Board. However, Board Policy 125.11 explicitly permits public participation at special meetings so long as it is stated as an item on the agenda.

60. On or about November 14, 2016, at 8:40 a.m., Board member Maria Gutierrez submitted a letter to Defendant San Nicolas questioning the lack of procedure for the November 21 hearing, expressing her opinion that Plaintiff's due process rights are being violated and that Plaintiff's questions had not been addressed, and citing the risk of litigation because of the November 21 hearing. Ms. Gutierrez requested answers to her concerns and that the November 21 hearing be delayed.

61. On or about November 14, 2016, at 8:57 a.m., Board counsel, Attorney Gumataotao, filed a Title VII & IX Complaint against Ms. Gutierrez, which he submitted to Acting Superintendent Sanchez and Defendant San Nicolas. Board counsel alleges that Ms. Gutierrez violated Title VII of the Civil Rights Act, Title IX of the Education Amendments Act, and the Americans with Disabilities Act.

62. On or about November 15, 2016, Plaintiff demanded that the Board provide him with a witness list and the identity of the hearing officer. Plaintiff submitted a witness list in his defense and he demanded that the public be permitted to participate at the November 21 hearing.

63. The Board has refused to respond to Plaintiff's requests and demands.

64. Upon information and belief, it is the Board's position that Plaintiff is only entitled to an open and public hearing, and not a vote after such hearing to determine whether Plaintiff should be employed as Superintendent.

65. At all times relevant, prior to termination of his employment, Plaintiff performed his duties and carried out the obligations of his employment fully.

11

66. On information and belief, the allegations of sexual harassment, abuse of authority and moral turpitude have received near-daily coverage by Guam media for the past 3 months.

67. Plaintiff's character and conduct have been tarnished publicly and indelibly in all manner of public forum, from news articles to internet message boards, radio talk shows and social media as a result of Defendants' actions

68. Defendants acted wantonly, maliciously, carelessly, and in reckless disregard of Plaintiff's rights.

69. As a result of Defendants' actions, Plaintiff has been exposed to ridicule and contempt and has suffered harm to his personal and professional reputation.

70. As a result of Defendants' actions, Plaintiff has suffered emotional harm, injury, mental anguish, professional embarrassment, public humiliation, loss of enjoyment, and other non-pecuniary losses.

71. As a result of Defendants' unlawful actions, Plaintiff has suffered economic harm including loss of future prospects of income, expenses and costs, and he will incur future expenses and costs, including attorney fees.

72. Plaintiff demands a jury trial in this matter.

## COUNT I

42 U.S.C. § 1983
Violation of Fourteenth Amendment

73. Paragraphs 1 through 72 hereof are alleged and incorporated as if fully set forth herein.

74. Pursuant to the Fourteenth Amendment of the United States Constitution, "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law ...."

75. 42 U.S.C. § 1983 provides a civil action for the deprivation of Constitutional rights, providing:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial official against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

76. Each Defendant is a "person" for purposes of 42 U.S.C. § 1983.

77. Plaintiff had a constitutionally protected property interest in his continued employment with the Board as Superintendent of GDOE.

78. The Board, acting under color of Guam law, deprived Plaintiff of liberty and property without due process of law.

79. As a direct result of Defendants' unlawful actions, Plaintiff has suffered emotional harm, injury, mental anguish, loss of enjoyment, and other non-pecuniary losses in amounts to be proved at trial.

80. As a direct result of Defendants' unlawful actions, Plaintiff has suffered economic harm including loss of future prospects of income, expenses and costs, and he will incur future expenses and costs, including attorney fees, in amounts to be proved at trial.

81. Plaintiff requests declaratory relief as follows:

a. That the Board's vote to terminate him, without due process, be declared in violation of Plaintiff's rights and invalid;

13

b. That the "Bill of Particulars" be declared in violation of Plaintiff's rights and Guam law and invalid;

c. That the Board meeting scheduled for November 21, 2016, be declared in violation of Plaintiff's rights and invalid;

d. That the Employment Agreement be declared to require that an investigation be conducted and an open and public hearing be had before the Board makes a vote to terminate Plaintiff's employment.

82. Plaintiff requests injunctive relief as follows:

a. That the Board be enjoined from proceeding on its unlawful 6-3 vote to terminate Plaintiff's employment;

b. That the Board be enjoined from proceeding on the "Bill of Particulars," which was prepared in violation of Plaintiff's rights and without proper Board action;

c. That the Board be immediately enjoined from holding the special meeting on November 21, 2016.

83. Plaintiff demands a jury trial in this matter.

**WHEREFORE, PLAINTIFF PRAYS:**

1. That injunctive relief be granted as follows:

a. That the Board be immediately enjoined from holding the special meeting on November 21, 2016;

b. That the Board be enjoined from proceeding on its unlawful 6-3 vote to terminate Plaintiff's employment; and

c. That the Board be enjoined from proceeding on the "Bill of Particulars," which was prepared in violation of Plaintiff's rights and without proper Board action;

2. That declaratory relief be granted as follows:

14

a. That the Board's vote to terminate him, without due process, be declared in violation of Plaintiff's rights and invalid;

b. That the "Bill of Particulars" be declared in violation of Plaintiff's rights and Guam law and invalid;

c. That the Board meeting scheduled for November 21, 2016, be declared in violation of Plaintiff's rights and invalid;

d. That the Employment Agreement be declared to require that an investigation be conducted and an open and public hearing be had before the Board makes a vote to terminate Plaintiff's employment.

3. That Plaintiff be compensated for economic harm including loss of future prospects of income, expenses and costs, and for future expenses and costs, in amounts to be proved at trial.

4. That Plaintiff be compensated for emotional harm, injury, mental anguish, professional embarrassment, public humiliation, and loss of enjoyment in the amount of $1,000,000 from each Defendant, for which Defendants should be jointly and severally liable;

5. The Court assess punitive damages against Defendants and each of them in amounts sufficient to punish and deter further unlawful acts described herein;

6. That Plaintiff be awarded his attorney fees and costs of suit;

7. That the Court grant such other legal and equitable relief as it deems just and proper in the circumstances of the case;

/ / / /

/ / / /

15

8. That Plaintiff be given a jury trial in this matter.

**RESPECTFULLY SUBMITTED** this 17th day of November, 2016, in Hagåtña, Guam.

LUJAN & WOLFF LLP

By: _____
**DAVID J. LUJAN**
*Attorneys for Plaintiff*

## VERIFICATION

I have read the foregoing Complaint and Demand for Jury Trial. I know the content of it, and the same is true of my own knowledge, except as to matters which are stated upon information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Guam on November 17, 2016.

_____
JON P. FERNANDEZ