| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | **LUJAN & WOLFF** LLP<br>Attorneys at Law<br>DNA Building, Suite 300<br>238 Archbishop Flores Street<br>Hagåtña, Guam 96910<br>Telephone (671) 477-8064/5<br>Facsimile (671) 477-5297<br><br>*Attorneys for Plaintiff* |



FILED
DISTRICT COURT OF GUAM
NOV 18 2016
JEANNE G. QUINATA
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT OF GUAM

FOR THE TERRITORY OF GUAM

JON P. FERNANDEZ,

              Plaintiff,

-vs-

GUAM EDUCATION BOARD, LOURDES B. SAN NICOLAS, individually and as the chairperson and a member of the Guam Education Board, ROSIE R. TAINATONGO, individually and as the vice chairperson and a member of the Guam Education Board, KENNETH P. CHARGUALAF, individually and as a member of the Guam Education Board, JOSE Q. CRUZ, individually and as a member of the Guam Education Board, RYAN F. TORRES, individually and as a member of the Guam Education Board, CHARLENE D. CONCEPCION, individually and as a member of the Guam Education Board,

              Defendants.

CIVIL ACTION NO. 16-00080

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW Plaintiff Jon P. Fernandez ("Plaintiff") and hereby requests an *ex parte* order enjoining and restraining Defendants Guam Education Board ("the Board"), Lourdes B. San Nicolas, Rosie R. Tainatongo, Kenneth P. Chargualaf, and Jose Q. Cruz, Ryan F. Torres, and Charlene D. Concepcion (collectively "Defendants") from holding the Board meeting or hearing scheduled for November 21, 2016, and from taking any action in furtherance of its termination of

1

Plaintiff as Superintendent of the Guam Department of Education. This Ex Parte Application is based on the verified Complaint, filed herewith.

## I. ARGUMENT

Federal Rule of Civil Procedure 65(b) authorizes the issuance of a temporary restraining order, providing in part:

> (b) Temporary Restraining Order.
>     (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>         (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>         (B) the movant's attorney certified in writing any efforts made to give notice and the reasons why it should not be required.

FRCP 65(b)(1). In the context where notice has been given to the opposing party on the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirement. 11A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2951 at 254 (citing Dilworth v. Riner, 343 F. 2d 226 (9th Cir. 1965)).

In this case, specific facts in the verified Complaint clearly show that immediate and irreparable injury, loss, or damage will result to Plaintiff before all seven (7) Defendants can be heard in opposition to the ex parte application. There is insufficient time to provide notice of this Application to all Defendants. Plaintiff will suffer immediate and irreparable harm if Defendants are not immediately enjoined from holding the Board meeting or hearing scheduled for November 21, 2016, which is three (3) days (or one business day) away, and from proceeding in furtherance of Plaintiff's termination as Superintendent. The hearing was set unilaterally by the Board in order for Plaintiff to address the "Bill of Particulars," an invalid document which was not approved by the Board and which contains allegations of moral turpitude by Plaintiff. Although Plaintiff is expected by the Board to defend himself, the Board has stated that public participation

2

is not permitted and that there will be no second vote on the issue of Plaintiff's employment. Thus, the Board intends to hold a hearing in which charges of moral turpitude are fully aired to the public with no benefit or remedy to Plaintiff in the form of the Board voting whether to reinstate Plaintiff as Superintendent.

Plaintiff will likely succeed on the merits of the underlying Complaint as he clearly has a property right in his employment by Guam law and contract and the Board has denied him of this property right without due process of law. Further, the Board has deprived Plaintiff of liberty without due process of law, as he has been terminated on charges of moral turpitude which have been communicated to the public, and which the Board intends to have further aired at the open public hearing on November 21, 2016. The Board has also breached the Employment Agreement with Plaintiff by terminating him before a full investigation and before an open and public hearing could be had.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its application and issue a temporary restraining order in the form proposed herewith.

**RESPECTFULLY SUBMITTED** this 18th day of November, 2016.

LUJAN & WOLFF LLP

By: _____
DAVID J. LUJAN
*Attorneys for Plaintiff*