**DOUGLAS B. MOYLAN, ESQ.**
**Law Offices of Douglas B. Moylan**
138 West Seaton Boulevard, Suite 201
Hagatna Guam
(671) 475-9292 • (671) 483-9292(cellular)
(671) 475-9293 (fax)

**GARY W. F. GUMATAOTAO, ESQ.**
**Law Offices of Gumataotao & Pole, P.C.**
115 San Ramon Street, Suite 301
Hagatna, Guam 96910
Telephone: (671) 475-0200
Telefax: (671) 475-0203

*Attorneys for Defendants in their individual capacities.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| JON FERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM EDUCATION BOARD, LOURDES B. SAN NICOLAS, individually and as the chairperson and a member of the Guam education Board, ROSIE R. TAINATONGO, individually and as the vice chairperson and a member of the Guam Education Board, KENNETH P. CHARGUALAF, individually and as a member of the Guam Education Board, JOSE Q. CRUZ, individually and as a member of the Guam Education Board, RYAN F. TORRES, individually and as a member of the Guam Education Board, CHARLENE D. CONCEPCION, individually and as a member of the Guam Education Board,<br><br>Defendants. | CIVIL CASE NO 16-00080<br><br><br>**INDIVIDUAL DEFENDANTS'**<br>**RULE 12(b)(6)**<br>**MOTION TO DISMISS** |

COME NOW LOURDES B. SAN NICOLAS, ROSIE R. TAINATONGO, DR. JOSE Q.

CRUZ and KENNETH P. CHARGUALAF, as individual Defendants herein, by and through

Douglas B. Moylan, Esq. (MOYLAN) and Gary Wayne Francis Gumataotao, Esq. ,

(GUMATAOTAO) to file this their Motion to Dismiss. Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendants hereby move the Court for an Order to dismiss the Complaint in this for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff alleges that all Defendants violated his protections and rights afforded by the United States Constitution pursuant to 42 U.S.C. Section 1983 wherein Defendants are alleged to have acted "under color of law." Upon information and belief, Plaintiff is an Organic Act citizen and resident of Guam. The matter is strictly a contract issue where Plaintiff was hired by the Government of Guam Department of Education Board to serve as Superintendent of the school system. Parties executed a written contract for employment of Plaintiff as Superintendent. Plaintiff admits he is the subject of a federal Title IX investigation as mandated by federal law. The Government of Guam Department of Education receives federal funds and is thus mandated to conform to Title IX, to wit: proactively prevent discrimination, sexual harassment and bullying. The Board issued a Stay Away Order as required by Title IX and referenced in the Complaint. The Board ordered legal counsel to conduct a Title IX investigation because Plaintiff failed to designate a Title IX Coordinator despite the requirement of Title IX. In the course of the investigation, it was determined that Plaintiff had breached his duty to comply with the federal assurances that he signed annually for each of three preceding years. These federal compliance assurances specifically address Title IX and are required to be signed by the Superintendent in order for Guam to receive federal funds. They state that the Government of Guam Department of Education is in compliance with each federal law and specify Title IX. The investigation determined five instances where the Superintendent failed to comply with Title IX protections afforded students and employees. This Court has a copy of the Title IX

investigation with all appendices that include the duly signed Assurances. The investigation revealed clear misconduct of the Superintendent based upon a preponderance of the evidence as required by Title IX that rises to termination within the ambit of Guam law. The Board terminated the Plaintiff's contract in accordance with Guam law. Plaintiff is a contract employee and not entitled to Civil Service protection. The Complaint is full of conclusory statements and completely devoid of any specific allegations that give rise to permissible claim(s) under Section 1983 as against the Government of Guam, the Board members acting in their official capacities or the members acting as private citizens. Defendants acted in good faith. There is no allegation of knowing and willful misconduct. Mere negligence is not a permissible basis. Futhermore, the Government of Guam and the Guam Board of Education are government entities that enjoy broad sovereign immunity.

## ARGUMENT

Plaintiff is a resident of Guam who alleges a 42 U.S,C. Section 1983 cause of action against a sovereign, the Government of Guam Department of Education. Plaintiff refers to the Title IX Investigation report, but fails to provide same to this Court. Defendants introduced the report (Exhibit "A") at the TRO hearing on November 18, 2016. This investigative report is key to understanding the Unclean Hands, illegal and wrongful conduct and omissions of the Plaintiff. It also justifies their activity in terminating Plaintiff to protect students and employees as required by Title IX.

All the claims against Defendants must be dismissed. There is no plausible proof of the existence of any breach of any of Plaintiff's Constitutional rights by any of the Defendants. None of the claims are plausible as required by FRCP Rule 12(b)(6). In applying *Twombly, 127 S. Ct. 1955, 1965* and *Vess, 317 F.3d 1097, 1104 (9th Cir. 2003),* it is clear the Complaint fails to

sufficiently describe what acts and omissions of the Defendants are wrongful or the basis for any legal duty. Finally, the Complaint summarily concludes that the Defendants each owe "$1,000,000 in damages," without any factual basis to make such claim plausible.

Defendants move this Court pursuant to FRCP Rule 12 (b)(6), to dismiss the Complaint for failure to state claims upon which relief may be granted. Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief. "However, a defendant is entitled to fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955,1964 (internal quotations and citation omitted). The plaintiff must support a complaint with sufficient factual allegations that can be accepted as true and which state a facially plausible claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001). To survive a Rule 12(b)(6) motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965. In *Twombly*, the Supreme Court held that a proper showing of entitlement to relief "requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Plaintiff cannot avoid dismissal by presenting bare assertions as legal conclusions. See, *Cholla Ready Mix, Inc. v. Civish*, 382 F. 3d 969, 973 (9th Cir. 2004); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 ("the allegations are conclusory and not entitled to be assumed true.") While for purposes of a motion to dismiss under Rule 12(b)(6), this Court must accept as true the well-pleaded factual allegations of a plaintiff's complaint, this "tenet ... is inapplicable to legal conclusions." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* See, also, *Id.* at 1950 ("a court considering a motion to dismiss can

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

In the contract and tort context, *Twombly* means that a plaintiff can no longer simply recite the statutory language of the particular Code section under which a claim is brought and expect the complaint to give sufficient notice to a defendant of the plaintiff's claim for relief. To pass muster under *Twombly*, a plaintiff must state a plausible claim for relief by identifying the specific facts upon which the plaintiff relies to support a finding on each element of the plaintiff's claim. Only then will a defendant have sufficient notice of plaintiff's claim under Rule 8(a). *See, e.g., Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009) ("the nonconclusory 'factual content,' and reasonable inferences from that content ... [must] plausibly [suggest] a claim entitling the plaintiff to relief."); *Limestone Dev. Corp. v. Vill. of Lemont, Ill.,* 520 F.3d 797, 802–03 (7th Cir.2008)(stating that *Twombly* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case"). For example, fraud is a legal conclusion "which may not [be] substitute[d] for well-pleaded facts allowing the Court to reasonably infer that those conclusions are true." *Allstate Ins. Co. v Countrywide Fin. Corp.,* 842 F.Supp.2d 1216, 1226 (C.D.Cal.2012). Stating it is a "fact" does not make it so. *See, e.g., Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009) ("the nonconclusory 'factual content,' and reasonable inferences from that content ... [must] plausibly [suggest] a claim entitling the plaintiff to relief."). For example, the Complaint repeatedly alleges that it is "fact" that Defendants acted or caused certain actions and had a duty, and is silent regarding the specific legal and/or fiduciary duties that Plaintiff had and that he breached to Defendants where such may result in fines of $100,000.00 or more or the complete loss of

federal funds (between $50 to $60 million per year). However these are bare conclusions without any factual basis to support them. The Complaint simply does not allege the facts sufficient to state a plausible claim to recover upon violation of Constitutional rights. When stripped, the complaint is left with nothing more than innocuous assertions and legal conclusions that cannot stand as conceivable causes of action. The court should then examine the allegations that remain to determine whether they state a claim."). While for purposes of a motion to dismiss under Rule 12(b)(6), this Court must accept as true the well-pleaded factual allegations of a plaintiff's complaint, this "tenet ... is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. 1937 at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. See also, *Id*. at 1950 ("a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies. *Mercado Arocho United States,* 455 F. Supp. 2d 15, 19 (D.P.R. 2006) (quotation omitted). The general rule that a court may not consider extrinsic evidence outside the pleadings for the purposes of ruling on a 12(b)(6) motion is subject to at least two exceptions. *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.,* 393 F. Supp. 2d 972, 979 (N.D. Cal. 2005). One of these exceptions is relevant here. Documents whose authenticity cannot be questioned and on which plaintiff's complaint "necessarily relies" may be considered in ruling on a Rule 12(b)(6) motion. *Id* (citation omitted). For this exception to apply, such documents must be "integral" to the plaintiff's complaint and

"dispositive" in the dispute. *Id ; see also Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) (finding that in ruling on a 12(b)(6) motion to dismiss, a court may consider outside documents "upon which the plaintiff s complaint necessarily relies"), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006); *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.,* 998 F.2d 1192, 1196 (3rd Cir. 1993) (holding that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if it is dispositive of plaintiff s claims). Courts have reasoned that failure on the part of plaintiffs to reference or attach to their complaints such "integral" documents "rais[es] the spectre that plaintiff failed to incorporate them by reference in the complaint as a means of avoiding Rule 12(b)(6) dismissal." *Hotel Employees,* 393 F. Supp. 2d 972, 979. The Ninth Circuit has instructed that in ruling on a Rule 12(b)(6) motion to dismiss, courts "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino,* 146 F.3d 699, 706. The court ultimately held that a court in ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies. *Id* The Title IX investigative report is too lengthy to attach to this motion and has been sealed by the Court. The Court must include the report in its analysis for purposes of Rule 12(b)(6). Defendants challenge the claim(s) as not cognizable under § 1983.

Defendants contend that Defendant Government of Guam Board of Education is not a "person" within the meaning of § 1983, and that the challenged actions were not taken "under color of" territorial law. Three circuits have held that "whether [a party] is a 'person' under § 1983 is not a jurisdictional question" but rather "a statutory one." *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1105 (D.C.Cir.2005); accord *Barker v. Goodrich,* 649 F.3d 428, 433 n. 1 (6th

Cir.2011); *Bolden v. Se. Pa. Transp. Auth.*, 953 F.2d 807, 821 (3d Cir.1991) (en banc). The

Ninth Circuit agreed in its holding in *Paestre v. Government of Guam*, 13-15389 (Ninth Cir.

2015). Whether the defendant is a "person" within the meaning of the statute is "a necessary

inquiry for the purposes of establishing the essential elements of [a] § 1983 claim." *Pistor v.

Garcia*, 791 F.3d 1104, 1114 (9th Cir.2015). But, as a general matter, "the absence of a valid (as

opposed to arguable) cause of action does not implicate subject-matter jurisdiction." *Steel Co. v.

Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); see also *Verizon Md., Inc. v. Pub. Serv.

Comm'n of Md.,* 535 U.S. 635, 642–43 (2002) (same). In the case at bar, Plaintiff's' § 1983

claim, including their contention that the defendants are "persons" within the meaning of the

statute, was "made solely for the purpose of obtaining jurisdiction or . is wholly insubstantial

and frivolous." *Steel Co.,* 523 U.S. at 89 (internal quotation marks omitted). Seventh Circuit

cases on which Guam relied in *Paestre* grounded their jurisdictional holdings on Eleventh

Amendment sovereign immunity. See *Sherman v. Cmty. Consol. Sch. Dist.* 21, 980 F.2d 437,

441 (7th Cir.1992) (concluding that a suit against a state official was "an effort to obtain a

judgment binding the State of Illinois as an entity" and therefore barred by the Eleventh

Amendment); *Toledo, Peoria & W.R. Co. v. State of Ill ., Dep't of Transp.*, 744 F.2d 1296, 1298–

99 (7th Cir.1984) (relying on state sovereign immunity in concluding that "[t]his section 1983

action against . a state agency[ ] fails for lack of federal court jurisdiction"). While the statutory

definition of "person" is "[s]imilar to and often conflated with Eleventh Amendment immunity,"

the concepts are distinct. *Barker*, 649 F.3d at 433 n. 1. There is no circuit split as to the non-

jurisdictional nature of the statutory question "when stripped of its Eleventh Amendment

component." *Bolden*, 953 F.2d at 821.Defendants contend that Guam and its Education Board

are entitled to Eleventh Amendment immunity, and federal sovereign immunity or immunity to

the same extent accorded the federal government. The Government of Guam enjoys broad

sovereign immunity. *Marx v. Gov't of Guam,* 866 F.2d 294, 298 (9th Cir. 1989); *Sumitomo*

*Const., Co., Ltd. v. Gov't of Guam,* 2001 Guam 23 ,-i 8. Sovereign immunity can only be waived

by duly enacted legislation; absent such legislation, the Government cannot be sued. *Sumitomo*

*Const., Co., Ltd.,* 2001 Guam 23 ,-r 9 (citation omitted). This court has recognized that while

sovereign immunity is inherent, Congress in the Organic Act of Guam provided a specific

mechanism by which that immunity may be waived. *Id.* ,-r 8 (referencing 48 U.S.C. § 142l(a)

(2008)). The Organic Act provides in pertinent part:

> The government of Guam shall have the powers set forth in this Chapter, shall
> have power to sue by such name, and, with the consent of the legislature
> evidenced by enacted law, may be sued upon any contract entered into with
> respect to, or any tort committed incident to, the exercise by the government of
> Guam of any of its lawful powers. 48 U.S.C. § 1421(a) (2008).

The Government Claims Act provides a limited waiver of sovereign immunity for the

Government's torts. Section 6105 provides in pertinent part:

> Pursuant to Section 3 of the Organic Act of Guam, the Government of
> Guam hereby waives immunity from suit, but only as hereinafter provided:
>
> > (a)    *for claims in tort,* ansmg from the negligent acts of
> > its employees acting for and at the direction of the government of
> > Guam, even though occurring in an activity to which private
> > persons do not engage. . . .5 GCA § 6105 (2005) (emphasis
> > added).

Pursuant to its power to waive sovereign immunity, the Guam Legislature in the

Government Claims Act set a cap on the amount a tort claimant can recover from the

Government under the Act. Section 6301, which lays out the maximum amount recoverable

against the Government under the Act, provides in relevant part a ceiling of $300,000 for

non-death claims. Plaintiff has only one remedy as against the Government of Guam for

monetary damages flowing from any tort claim, to wit: the Government Claims Act. This is an administrative remedy that Plaintiff has failed to exhaust.

The U.S. Supreme Court and the Ninth Circuit have recognized territorial governments have a form of inherent or common law sovereign immunity. In *Crain v. Guam*, 195 F.2d 414 (9th Cir.1952), the court affirmed the dismissal of a challenge to Guam's income tax system based upon the sovereign immunity of Guam. *Crain* relied on Supreme Court authority holding that Hawaii and Puerto Rico have or had inherent sovereign immunity. *Id.* at 415-17 (applying *Kawananakoa v. Polyblank*, 205 U.S. 349, 353, 27 S.Ct. 526, 527, 51 L.Ed. 834 (1907) (Hawaii), and *Porto Rico v. Rosaly*, 227 U.S. 270, 273, 33 S.Ct. 352, 353, 57 L.Ed. 507 (1913) (Puerto Rico)). A sovereign is exempt from suit, not because of any formal concept or theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends....*Crain*, 195 F.2d at 416; see also *Rosaly*, 227 U.S. at 273-74, 33 S.Ct. at 353. the Guam Organic Act does not expressly grant broad immunity, the legislative history of the 1959 amendment to the Act indicates that both Congress and the Executive Branch believed that Guam had inherent sovereign immunity. The 1959 amendment added the provision that:

> The Government of Guam ... with the consent of the legislature
> evidenced by enacted law, may be sued upon any contract entered
> into with respect to, or any tort committed incident to, the exercise
> by the government of Guam of any of its lawful powers.

48 U.S.C. Sec. 1421a (1982). The Senate Report on the amendment suggested that Guam already had sovereign immunity and that the amendment only served to provide a potential limitation of that immunity. S.Rep. No. 969, 86th Cong., 1st Sess. 1, reprinted in 1959 U.S.Code Cong. & Admin.News 2659-60. The Senate's position was consistent with the views of the Interior Department which indicated:

> The proposed amendment ..., in effect, enables the Legislature of
> Guam to waive sovereign immunity which was conferred upon the
> government of Guam by the Congress through enactment of the
> Guam Organic Act when, in the legislature's opinion, the best
> interests of both the people and the government of Guam would be
> served by allowing such an action to be brought.

Letter of Roger Ernst, Assistant Secretary of the Interior, to Rep. Wayne N. Aspinall, Chairman, Committee on Interior and Insular Affairs (Mar. 9, 1959), reprinted in 1959 U.S.Cong. & Admin.News 2660.

Controlling authority and the legislative history of the Organic Act support the Defendants' assertion that the Government of Guam has inherent sovereign immunity. Fernandez' monetary claims as against the Guam Education Board [an agency of the Government of Guam] are without legal foundation. Therefore, the action must be dismissed with prejudice.

*Guam Society of Obstetricians & Gynecologists v. Ada* held that a Guam officer sued in his official capacity is a "person" within the meaning of 42 U.S.C. § 1983. 962 F.2d at 1370–71. The Court in Niraingas II held that "neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983." 495 U.S. at 192. Nearly all of the Supreme Court's analysis addressed whether Guam itself was a "person," concluding, based principally on § 1983 legislative history, that it was not. See *Id.* at 187–92. Plaintiffs in that case had also sued several Guam officials in their official capacities for damages. *Id.* at 184. **The Supreme Court noted the conclusions of the district court and the Ninth Circuit that "because a judgment against those defendants in their official capacities would affect the public treasury, the real party in interest was the Government of Guam."** *Id.* at 184–85. The Court's own analysis as to the officials was limited to the following: "Petitioners concede, and we agree, that if Guam is not a person, neither are its officers acting in their official capacity ." *Id.* at 192 (citation

omitted). The Court in *Ada* held that a Guam official "is a 'person' when sued in his official capacity for prospective relief." 962 F.2d at 1370. *Ada* acknowledged the general statement as to Guam officers in Ngiraingas II, but pointed out the established "distinction between suits against governmental officials for damages, such as *Ngiraingas,* and those for injunctive relief." Id. at 1371. As Ada noted, "state officers, when sued for damages in their official capacities, are," like states, "not 'persons' within the meaning of [§ ] 1983," because "a judgment against a state official in his or her official capacity runs against the state and its treasury." Id. (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 63–65 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). In the case at bar, Plaintiff seeks damages of $1,000,000 each jointly and severally. Under Guam law, a Judgment Lien Creditor may collect the entire Judgment from the Party with the deepest pocket. There is no evidence that the Government of Guam would not have to pay any such Judgment in the case at bar. As *Ada* explains, the "rule is entirely different" with regard to prospective relief, which does not run directly against the state's treasury; suits for such relief "are not treated as actions against the State." Id. (internal quotation marks omitted). The court concluded: "We can see no reason why the same distinction between injunctive and damages actions against officials should not apply to a territory." *Id.* There is no reason why these established principles should not apply to territories as well. *Accord McCauley v. Univ. of Virgin Islands,* 618 F.3d 232, 240–41 (3d Cir.2010) (citing *Will*, 491 U.S. at 71 n. 10; Brow v.. Farrelly, 994 F.2d 1027, 1037 n. 12 (3d Cir.1993), as amended (May 26, 1993)); see also Playboy Enter., Inc. v. Pub. Serv. Comm'n of Puerto Rico, 906 F.2d 25, 31 n. 8 (1st Cir.1990) (concluding that Ngiraingas II did not foreclose § 1983 liability, in part because the plaintiffs sought only injunctive relief); cf. *Pistor,* 791 F.3d at 1112. *Ngiraingas II* affirmed *Ngiraingas I's* holding that Guam is not a "person" under § 1983. Guam is not a "person," and neither are its

officials. As to the officials sued in this case, the Supreme Court has noted, *Ngiraingas II*, 495 U.S. at 185, on the established doctrine that "a suit where the relief sought would affect the public treasury and public administration[ ] is deemed to be a suit against the government itself" in holding that "the individual defendants acting in their official capacities [were] not amenable to suit under section 1983," *Ngiraingas I*, 858 F.2d at 1372. In other words, *Ngiraingas I's* holding as to the official-capacity defendants was explicitly predicated on the fact that the suit was one seeking damages. *Ada* recognized the rule precluding suits for damages against officials in their official capacities, but also recognized the established, contrary principle applicable to suits seeking prospective relief. 962 F.2d at 1371. The official-capacity defendants in the instant case are not "persons" within the meaning of § 1983 for purposes of damages. The suit against the Guam Board and the members in their official capacities must be dismissed.

The claims against Defendants in their individual capacities are hinted in allegations of some form of breach of duty that is vague and ambiguous – there is no detail supporting willful misconduct or anything beyond mere negligence. This is especially inapplicable as against the Defendants in their individual capacities as all actions described in the Complaint were undertaken by the Board and members in their official capacities. Under Section 1983, school district employees may be sued in their personal or individual capacity. Under these circumstances, an employee or board member of a school district may be found to be individually liable even though the school district may not be. The plaintiff must show that the individual employee or school board member violated a clearly established law and that the individual exhibited a callous indifference for the rights of the plaintiff. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806 (1985). In *Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012 (1984) the Supreme Court held that: "Officials are shielded from liability for civil damages insofar as their

conduct does not violate the clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 191.

The claims as against the Board and its members acting in their official capacity are barred by the doctrine of sovereign immunity. This Court must also observe and conform to the limits of its jurisdiction in this type of case when any ruling runs against the public coffers of the Government of Guam. Granting restraint that requires sovereign Defendants to continue paying salary and benefits to Plaintiff clearly violates the prohibition. The Contribution Among Joint Tortfeasors Act, 7 GCA § 24601 *et seq.* is also an important element of any such analysis since the Plaintiff sued the Parties jointly and severally. In application, the Government of Guam through its public treasury will have to pay any amounts awarded where it is jointly and severally liable. This is prohibited. In examining the Complaint, it is apparent that it is replete with averments that are nothing more than mere conclusions, not entitled to the assumption of truth. Any claims are impermissible. Without the well pleaded facts described *supra*, Plaintiffs' claims must be dismissed for failure to state a claim upon which relief can be granted.

Submitted this __9th__ of December, 2016.

_____
**DOUGLAS B. MOYLAN**

_____
**GARY WAYNE FRANCIS GUMATAOTAO**