# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JON P. FERNANDEZ, | CIVIL CASE NO. 16-00080 |
| Plaintiff, | |
| vs. | |
| GUAM EDUCATION BOARD, LOURDES B. SAN NICOLAS, individually and as the chairperson and a member of the Guam Education Board, ROSIE R. TAINATONGO, individually and as the vice chairperson and a member of the Guam Education Board, KENNETH P. CHARGUALAF, individually and as a member of the Guam Education Board, JOSE Q. CRUZ, individually and as a member of the Guam Education Board, RYAN F. TORRES, individually and as a member of the Guam Education Board, CHARLENE D. CONCEPCION, individually and as a member of the Guam Education Board, | **DECISION AND ORDER RE MOTION TO DISQUALIFY** |
| Defendants. | |

Before the Court is the Individual Defendants' Motion to Disqualify Chief Judge. *See* ECF No. 26. Therein, counsels Douglas B. Moylan ("Moylan") and Gary Wayne Francis Gumataotao ("Gumataotao"), representing defendants[1] Lourdes B. San Nicolas, Rosie R.

---

[1] At the hearing on Plaintiff's *ex parte* motion for temporary restraining order, held on November 18, 2016,

1

Tainatongo, Kenneth P. Chargualaf and Jose Q. Cruz, in their individual capacities, move to disqualify me from the above-captioned matter pursuant to 28 U.S.C. § 455(a). For the reasons discussed more fully herein, the motion is **DENIED**.

I. **DISCUSSION**

Section 455(a) of Title 28 of the United States Code provides in its entirety that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The Ninth Circuit has laid out the general principles and standards when reviewing a Section 455(a) recusal:

> If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists. We have restated § 455(a) and *ask whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned*. Section 455(a) *asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits*. The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer. The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.

*United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (internal quotation marks and citations omitted) (emphasis added).

In addition, recusal under Section 455(a) is "necessarily fact-driven and may turn on subtleties in the particular case" and thus, analysis under this section requires "an independent examination of the unique facts and circumstances of the particular claim at issue." *Id.*

a. **Gumataotao's Argument**

---

Gumataotao made an appearance for four individual board members: Lourdes B. San Nicolas, Rosie R. Tainatongo, Kenneth P. Chargualaf and Jose Q. Cruz. *See* ECF No. 8. This reflects the same four individual defendants listed in the beginning of the Motion to Disqualify. *See* ECF No. 26, at 1. However, on page 3 of the Motion to Disqualify, Gumataotao claims that he is counsel for all six individual defendants. *Id.* at 3. The court questions the accuracy of this statement.

2

The basis for Gumataotao's motion for my disqualification is that my impartiality might reasonably be questioned. Gumataotao is counsel for Plaintiff in *William C. Bischoff v. Leonardo M. Rapadas, John M. Weisenberger, and Phillip J. Tydingco*, Superior Court of Guam CV01179-14 (hereinafter "*Bischoff*"), with requested damages of over $600,000.00. One of the defendants in that case, Phillip J. Tydingco, is my brother.

Gumataotao contends that "a reasonable man might well conclude that it appears Chief Judge Tydingco-Gatewood would have difficulty with maintaining impartiality given the merits of the Superior Court of Guam case now pending against her brother. The Court has already issued a TRO and permanent injunction without a hearing based upon a Stipulation that did not include any of Gumataotao's clients in the instant matter. It is also reasonable in the mind of the public to characterize these facts as evidence of the Chief Judge's lack of impartiality." ECF No. 26, at 4.

I find this argument to be without merit. Gumataotao's entry of appearance in *Bischoff* was not made until December 6, 2016. Prior to this date, Gumataotao was *not* counsel of record in the *Bischoff* case. Accordingly, there could not have been *any* appearance of impartiality on this court's issuance of the temporary restraining order ("TRO") and the preliminary injunction,[2] because these occurred prior to December 6, 2016. Gumataotao himself, who appeared before me at the hearing on the motion for TRO held on November 18, 2016, did not inform the court of such representation in *Bischoff*, because such representation was nonexistent at that time. In addition, the Order Granting Stipulated Motion for Preliminary Injunction was issued on

---

[2] Gumataotao's characterization of the preliminary injunction as a "permanent injunction" is inaccurate and a misstatement of the facts. A permanent injunction has not been granted in this case. Rather, a preliminary injunction was granted based on the parties' Stipulated Motion for Preliminary Injunction, which was signed by counsel for Plaintiff Jon P. Fernandez and the Attorney General of Guam, on behalf of all defendants—the Guam Education Board, and Lourdes B. San Nicolas, Rosie R. Tainatongo, Kenneth P. Chargualaf, Jose Q. Cruz, Ryan F. Torres, and Charlene D. Concepcion, in their official capacities as Chairperson, Vice Chairperson, and Members of the Guam Education Board, respectively. *See* ECF No. 15. Given that the parties stipulated to the preliminary injunction, the court found no reason to hold a hearing on the matter.

November 25, 2016 (ECF No. 17), which was eleven days prior to Gumataotao's entry of appearance in *Bischoff*. None of "these facts"—as Gumataotao refers to in his motion—could be characterized by the public as evidence of my lack of impartiality because Gumataotao was not counsel of record in the *Bischoff* case at the time of the issuance of the TRO and the preliminary injunction.[3]

This court also questions Gumataotao's reasons for the disqualification as suspect. Gumataotao is currently counsel for debtors in thirty bankruptcy cases,[4] one adversary proceeding,[5] and two civil cases,[6] which are all currently pending before me. Yet, Gumataotao has failed to file motions for disqualification in *all* of these proceedings. Aside from the present motion, he filed only three additional motions for disqualification in the following cases: Bankruptcy Case No. 15-00108, Adversary Proceeding No. 16-00002, and Civil Case No. 16-00045. These filings were made on December 13, 2016, four days after the instant motion to disqualify was filed. In fact, Gumataotao appeared before me on December 9, 2016, three days after Gumataotao's entry of appearance in *Bischoff*, in two bankruptcy matters[7] and yet, Gumataotao did not question my presiding over those two hearings despite his allegation in the instant case of an appearance of impartiality. Given these circumstances, the court questions the validity of Gumataotao's allegation of appearance of impartiality when he himself does not find my appearance of impartiality in a total of twenty-nine other cases.

---

[3] It should be noted that I was not aware of the *Bischoff* matter at all or that my brother was a defendant in that case, until the filing of the present motion.

[4] Bankruptcy Case Nos. 12-00040, 13-00099, 13-00151, 15-00009, 15-00043, 15-00090, 15-00108, 15-00117, 16-00013, 16-00077, 16-00092, 16-00093, 16-00103, 16-00104, 16-00105, 16-00106, 16-00107, 16-00108, 16-00109, 16-00110, 16-00111, 16-00112, 16-00114, 16-00125, 16-00126, 16-00135, 16-00136, 16-00140, 16-00141, and 16-00150.

[5] *Heath v. Evans*, Adversary Proceeding 16-0002.

[6] *Clay v. Davis*, Civil Case No. 16-00045, and the present case.

[7] Hearing on reaffirmation agreement with Bank of Hawaii in Bankruptcy Case No. 16-00110, and hearing on reaffirmation agreement with First Hawaiian Bank in Bankruptcy Case No. 16-00110.

4

Moreover, the U.S. Supreme Court explained that:

> … § 455(a) expands the protection of § 455(b), but duplicates some of its protection as well—not only with regard to bias and prejudice but also with regard to interest and relationship. Within the area of overlap, it is unreasonable to interpret § 455(a) (unless the language *requires* it) as implicitly eliminating a limitation explicitly set forth in §455(b). It would obviously be wrong, for example, to hold that "impartiality could reasonably be questioned" simply because one of the parties is in the fourth degree of relationship to the judge." Section 455(b)(5), which addresses the matter of relationship specifically, ends the disability at the third degree of relationship, and that should obviously govern for purposes of §455(a) as well. Similarly, §455(b)(1), which addresses the matter of personal bias and prejudice specifically, contains the "extrajudicial source" limitation—and *that* limitation (since nothing in the text contradicts it) should govern for purposes of §455(a) as well.

*Liteky v. United States*, 510 U.S. 540, 552-53 (1994). The requirement that a judge recuse herself because of a relationship in a proceeding is specifically governed under Section 455(b)(5). That section requires that a judge disqualify herself if she or a person within third degree of relationship is "a party to the proceeding . . . is acting as a lawyer in the proceeding . . . is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding . . . is to the judge's knowledge likely to be a material witness in the proceeding." 28 U.S.C. §455(b)(5). Although my brother falls within the third degree of relationship, he is not a party to *this* proceeding. Gumataotao points to no facts that would allow a reasonable person to conclude that my brother is a party to *this* litigation or has an interest in a party to *this* litigation. I also note that Gumataotao himself is not a party to the *Bischoff* litigation but rather, he is merely counsel to the plaintiff.

### b. Moylan's Argument

In the motion to disqualify, Moylan makes no argument other than to point to the court to an Exhibit "A" attached to the motion and makes a mere statement that "[t]he same issues apply to Moylan under different facts." ECF No. 26, at 3. Exhibit "A" contains a Notice and a Court

5

1 Order in Adversary Proceeding No. 14-00002.

2 In that case, Moylan appeared before me as the plaintiff representing himself against a
3 debtor. The Notice filed on September 9, 2014, indicates that "[t]he Court may be unaware of a
4 prior disqualification that involved the Chief Judge having disqualified herself involving Plaintiff
5 as a party. Other bases exist warranting disclosure to the Court." Ex. A, at 2 (AP No. 14-00002,
6 ECF No. 11, at 2). Unclear as to what are these "other bases", on September 19, 2014, the court
7 held a telephonic status hearing on the matter. On that same day, Moylan filed another Notice,
8 informing the court that my spouse was an expert and a material witness for the plaintiff in a
9 civil proceeding in the Superior Court of Guam, wherein Moylan is co-counsel for the defendant.
10 *See* AP No. 14-00002, ECF No. 14, at 2. At the time, the case was pending with the appellate
11 court and Moylan represented to the court that "there is a strong possibility that the case would
12 need to be re-tried and the Court's spouse called again as a witness." *Id.* Out of an abundance of
13 caution, I voluntarily recused myself on October 7, 2014. *See* Ex. A, at 3 (AP No. 14-00002,
14 ECF No. 16).

15 Because Moylan offered no explanation as to why I should be disqualified in this present
16 case, I could only assume that he is moving for my disqualification on the basis that I had
17 disqualified myself before in the Adversary Proceeding to which he was a party. The difference
18 with that case and the present case is that Moylan was actually a party in the Adversary
19 Proceeding, whereas here, Moylan is co-counsel, representing the interests of four defendants
20 and not his.

21 More importantly, my prior recusal does not automatically disqualify me in all other
22 cases where Moylan is a party or counsel to the party. *See Diversified Numismatics, Inc. v. City*
23 *of Orlando*, 949 F.2d 382, 385 (11th Cir. 1991) ("Prior recusals, without more, do not
24 objectively demonstrate an appearance of partiality."); *Martin v. Monumental Life Ins. Co.*, 240

6

F.3d 223 (3d Cir. 2001) (prior recusal of the judge was "out of excess caution" and that appearance of impartiality then was no longer in existence now). As noted above, Moylan offered no legal or factual basis to my disqualification, other than to direct my attention to an Adversary Proceeding, which I had recused myself from over two years ago.

## II. CONCLUSION

After having thoroughly reviewed the facts particular to this case and the circumstances surrounding Gumataotao's and Moylan's reasons stated in the motion to disqualify, I find that a reasonable person with knowledge of all the facts would not find an appearance of impartiality. As it applies to Gumataotao's arguments, he was not counsel of record in *Bischoff* at the time this court issued the TRO and preliminary injunction. In addition, he is cherry picking which cases I should recuse myself from out of the thirty-three cases he has before me, which makes his argument for any appearance of impartiality suspect. As it applies to Moylan, he has not presented any argument other than a reference to an adversary proceeding and this court could only assume that he is moving for my disqualification based on a previous recusal which is factually different from the present one. Accordingly, based on the foregoing, the motion to disqualify is hereby **DENIED**.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Dec 13, 2016**