

**Office of the Attorney General**
**Elizabeth Barrett-Anderson**
Attorney General of Guam
**Litigation Division**
590 S. Marine Corps Drive
Tamuning, Guam 96913 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamag.org
**Attorneys for the Government of Guam**

# IN THE UNITED STATES DISTRICT COURT OF GUAM

# FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| JON P. FERNANDEZ, | ) | CIVIL ACTION NO. **16-00080** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GUAM EDUCATION BOARD, LOURDES B. SAN NICOLAS, individually and as the chairperson and a member of the Guam Education Board, ROSIE R. TAINATONGO, individually and as the vice chairperson and a member of the Guam Education Board, KENNETH P. CHARGUALAF, individually and as a member of the Guam Education Board, JOSE Q. CRUZ, individually and as a member of the Guam Education Board, RYAN F. TORRES, individually and as a member of the Guam Education Board, CHARLENE D. CONCEPCION, individually and as a member of the Guam Education Board, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MOTION TO DISMISS pursuant to FED. R. CIV. P. 12(b) (6) of the GUAM EDUCATION BOARD and the individually named Defendants in their official capacity |
| | ) | |
| Defendants. | ) ) | |

Page 1 of 6
Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b) (6)
District Court Case No. CV16-00080

Case 1:16-cv-00080   Document 28   Filed 12/14/16   Page 1 of 6

**COME NOW**, Defendant, GUAM EDUCATION BOARD, and the individually named Defendants in their official capacity, by and through the Attorney General of Guam and move, pursuant to FED. R. CIV. P. 12(b) (6), for an order dismissing Plaintiff's Complaint.

## I. NATURE OF THE CASE

Plaintiff sues the Guam Education Board and several of its present and former members in their official and individual capacity for civil rights violations under 42 U.S.C. § 1983. Plaintiff claims his due process rights were violated when the school board voted to terminate his employment as superintendent of Guam's public schools, and he was placed on administrative leave, pending further action. Plaintiff seeks monetary and punitive damages against the board and the individual defendants in both their individual and official capacities. Plaintiff also seeks declaratory and injunctive relief prohibiting the Guam Education Board from proceeding to terminate his employment. ECF No. 1, p. 14.

Defendants now move for dismissal of Plaintiff's claim under Civil Rule 12(b)(6) for failure to state a claim.

## II. ISSUES

A. **Whether Plaintiff's § 1983 action for monetary and punitive damages against the Guam Board of Education and its individual members in their official capacity should be dismissed because the Guam Board of Education and its individual members in their official capacity are not "persons" under 42 U.S.C. § 1983?**

B. **Whether Plaintiff's § 1983 action for declaratory and injunctive relief against the Guam Board of Education should be dismissed because the Guam Board of Education is not considered to be a "person" under 42 U.S.C. § 1983?**

//

//

## III. DISCUSSION

### Legal Standard for Motion to Dismiss under Civil Rule 12(b)(6):

There are two requirements to survive a motion to dismiss for failure to state a claim under Civil Rule 12(b)(6): (1) while accepting factual allegations in the complaint as true, the court is not required to accept legal conclusions as true, and (2) the factual allegations must state a plausible claim for relief. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). For a claim to be facially plausible, it must contain sufficient factual detail to allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009); and *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). This standard does not rise to the level of a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully. . . ." *Id.* (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. 678, 129 S.Ct. 1949; *Moss*, 572 F.3d at 969.

> **A. Plaintiff's § 1983 action for monetary and punitive damages against the Guam Education Board and its individual members in their official capacity should be dismissed because the Guam Education Board and its individual members in their official capacity are not "persons" under 42 U.S.C. § 1983**

Plaintiff sues the Guam Education Board and its individual members in their official capacity under 42 U.S.C. § 1983 for monetary and punitive damages. ECF No. 1, p.2, and p. 15. Neither the Government of Guam nor its officers acting in their official capacities are "persons" subject to liability under 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

In *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990), the United States Supreme Court held that the Territory of Guam is not a "person" subject to liability under § 1983. The Guam Education Board is part of the government of Guam. *See* 17 GCA § 3101 (There is in the government of Guam a Department of Education) and 17 GCA § 3102 (The governance of the Department of Education is vested in an education board to be known as "the Guam Education Board".) Plaintiff's monetary and punitive damage claims against the Guam Education Board should be dismissed because, under *Ngiraingas,* the board it is not a "person" subject to suit under 42 U.S.C. § 1983.

For the same reason, Plaintiff's monetary and punitive damage claims against the board members in their official capacity should be dismissed. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006).

In *Ngiraingas*, the United States Supreme Court affirmed the dismissal of plaintiff's official capacity claims against various Guam Police officers and held that "neither the Territory of Guam **nor its officers acting in their official capacities** are 'persons' under § 1983." *Id.* at 192. (Emphasis added.) *See also McCauley v. University of Virgin Islands*, 618 F.3d 232, 240 (3rd Cir. 2010) (President and housing director of the University of the Virgin Islands, which was an arm of the Territory of the Virgin Islands, were, in their official capacities, not "persons" under §

1983, and thus plaintiff could not seek money damages against them); and *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996) (no punitive damages in § 1983 action against sheriff in his official capacity.)

Plaintiff's §1983 action for monetary and punitive damages against the Guam Board of Education and its individual members in their official capacity should be dismissed because they are not "persons" subject to suit under 42 U.S.C. § 1983.

### B. Plaintiff's § 1983 action for declaratory and injunctive relief against the Guam Education Board should be dismissed because the Guam Education Board is not a "person" under 42 U.S.C. § 1983

As part of his § 1983 action, plaintiff also seeks declaratory and injunctive relief against the Guam Board of Education. ECF No. 1, pp. 14-15. This claim should be dismissed because the board it is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, *supra*. (States and their agencies are not persons under § 1983 and therefore cannot be sued under the statute); and *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) (noting that § 1983 actions do not lie against the state.)

Instead, Plaintiff's claim for injunctive and declarative relief, if he has one at all, is to bring an official capacity lawsuit against current individual members of the board. Under the principle of *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), "official-capacity actions for prospective relief are not treated as actions against" Guam itself. *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1371 (9th Cir.1992) (internal quotation marks omitted); accord *Paeste v. Government of Guam*, 798 F.3d 1228 (9th Cir. 2015).

Plaintiff's § 1983 action for declaratory and injunctive relief against the Guam Board of Education should be dismissed.

## IV. CONCLUSION

Plaintiff's complaint against the Guam Education Board and its members in their official capacity should be dismissed in its entirety.

DATED this 13 day of December, 2016

OFFICE OF THE ATTORNEY GENERAL
**Elizabeth Barrett-Anderson, Attorney General**

_____
**KENNETH D. ORCUTT**
Deputy Attorney General